IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INTERNATIONAL MANAGEMENT ADVISORS LTD., <br><br> Plaintiff, <br><br> -v- <br><br> ASM SPORTS GROUP, LLC and ANDY MILLER, <br><br> Defendants. | Case No. 1:16-cv-1325-TWP-TAB <br><br> Hon. Tanya Walton Pratt <br><br> Hon. Tim A. Baker |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO SERVE SUBPOENA ON NON-PARTY UBER TECHNOLOGIES, INC.**

Through its motion filed on June 21, 2016, Plaintiff International Management Advisors Ltd. ("IMA") seeks to prematurely serve a subpoena on non-party Uber Technologies, Inc. ("Uber"). IMA's motion to engage in premature discovery should be denied for at least the following reasons. First, the relevant records have already been subpoenaed by IMA from Uber in a related arbitration pending in Cleveland, Ohio. IMA's purported "concerns" about Uber's ability to preserve the documents are thus simply a pretext. Second, IMA contends that it needs the records to "investigate" the truthfulness of certain allegations in the Complaint, but the Complaint undisputedly contains a false allegation which should be corrected immediately, irrespective of any records received from Uber. Third, and finally, Defendants will shortly be moving to dismiss, transfer or stay this case (because, among other things, this Court is an improper venue and/or this action should be stayed until the related Ohio arbitration concludes). There is no reason the parties cannot conduct a Rule 26(f) conference in the normal course after Defendants have responded to the Complaint. *See, e.g., Seely v. Adams*, 2009 U.S. Dist. LEXIS

81424, at *2 (S.D. Ind. Sept. 8, 2009) ("[T]he parties have not yet conducted the required Rule 26(f) conference and the court sees no reason to relieve them of their requirement.").

For these reasons, Defendants ASM Sports Group, LLC ("ASM Sports") and Andy Miller respectfully request that IMA's motion be denied.

## FACTUAL BACKGROUND

1. **The parties**.  Plaintiff IMA is a registered investment advisory firm which provides financial and investment services to its clients. *See* ECF No. 1 at ¶ 6.  Kurt Schoeppler is the principal and sole member of IMA. *Id.* at ¶ 1.  IMA is headquartered in Cleveland, Ohio and maintains no offices in Indiana. *Id.*  Defendant ASM Sports is a sports agency firm which principally provides contract negotiation and marketing services for professional basketball players. *See* www.ASMSports.com/services/contract-negotiation.  Unlike IMA, ASM Sports does not provide its clients with financial and investment advisory services. *Id.*  Defendant Andy Miller is the founder and President of ASM Sports.  ECF No. 1 at ¶ 2.  ASM Sports is headquartered in New Jersey, where Mr. Miller also resides. *Id.*

2. **Non-party Christian Dawkins**.  Non-party Christian Dawkins is a 23-year old resident of Georgia.  On April 29, 2014, Mr. Dawkins and IMA entered into an employment agreement (the "Employment Agreement"), which is attached hereto as Exhibit A.  The Employment Agreement is governed by Ohio law and contains an arbitration clause requiring that arbitration occur in Cleveland, Ohio. *Id.* at ¶ 5.  Paragraph 9 of the Employment Agreement contains a non-compete provision which specifically identifies certain firms for which Mr. Dawkins could not work for the period of one-year following the termination of his employment with IMA. *Id.* at ¶ 9.  ASM Sports is one of the firms specifically identified in Paragraph 9 of the Employment Agreement.

3. **The parties amend Paragraph 9 to eliminate ASM Sports from the non-compete provision**. Through a signed and written amendment effective January 15, 2015, IMA and Mr. Dawkins agreed to revise Paragraph 9 of the Employment Agreement to delete any restrictions on Mr. Dawkins' ability to work for ASM Sports:

> Reference is now made to your employment agreement dated April 29, 2014, with regard to your future performance by certain other companies, as outlined in Paragraph 9. *We agree to amend Paragraph 9 and delete the reference to ASM Sports. We acknowledge and agree that you are free to perform services on behave [sic] of ASM Sports as otherwise prohibited by Paragraph 9.*

*See* attached Exhibit B (emphasis added).

4. **IMA commences an arbitration against Mr. Dawkins in Ohio**. Notwithstanding the clear and unequivocal language of the written amendment, IMA commenced arbitration proceedings against Mr. Dawkins in Cleveland, Ohio in November 2015 (the "Ohio Arbitration"). The evidentiary hearing in the Ohio Arbitration is scheduled for September 2016. Many of the issues which will require adjudication in this case (including whether Mr. Dawkins breached the Employment Agreement) will first be adjudicated in the Ohio Arbitration and may be *res judicata* here.

5. **IMA falsely accuses Mr. Dawkins of stealing a credit card to set up an Uber account**. IMA commenced this action on May 27, 2016. In its Complaint, IMA expressly alleges that Mr. Dawkins stole an American Express card issued to NBA player Elfrid Payton to set up an Uber account: "While acting as an employee of ASM, Dawkins *stole the credit card number* for an American Express card belonging to IMA issued to Elfrid Payton, a client of IMA. *Dawkins used the stolen credit card number to establish an account with Uber* . . . ." ECF No. 1 at ¶¶ 47-48 (emphasis added). This allegation has already been proven to be demonstrably false. By letter dated June 2, 2016, Mr. Payton (the cardholder) acknowledged that

he had "authorized [Mr. Dawkins] to set up an Uber account at the 2015 NBA All Star Game in New York City in order to provide transportation services to [his] family."  A copy of Mr. Payton's letter is attached as Exhibit C.  Mr. Payton went on to acknowledge that he had provided Mr. Dawkins his "American Express card number and authorized [Mr. Dawkins] to incur Uber charges to the card in order to arrange transportation services for [his] family."  To resolve any potential ambiguity, Mr. Payton made clear that he had provided Mr. Dawkins his "credit card information knowingly and voluntarily."

      6. **IMA has not yet amended the Complaint to correct its false allegation**.  By letter dated June 9, 2016, counsel for Mr. Dawkins in the Ohio arbitration wrote to counsel for IMA in this action and requested that IMA correct or withdraw the false allegation that Mr. Dawkins stole Mr. Payton's American Express card to establish an Uber account.  Although there is no factual support for this allegation, IMA has yet to correct or withdraw it.

      7. **IMA issues a subpoena to Uber in the Ohio Arbitration.**  On June 16, 2016, upon a request by IMA, the arbitrator in the Ohio Arbitration issued a subpoena to Uber demanding the production of documents identical to those sought by IMA in the current motion.  A copy of the subpoena in the Ohio Arbitration is attached hereto as Exhibit D.  Mr. Dawkins did not oppose the issuance of the subpoena in the Ohio Arbitration, provided that any documents received in response to the subpoena only be used in the Ohio Arbitration.  IMA's counsel in this action has also issued retention letters to Uber.  *See* attached Exhibit E.

## LAW & ARGUMENT

### THE MOTION SHOULD BE DENIED

Federal Rule of Civil Procedure 26(d)(1) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."  FED. R. CIV. P.

26(d)(1).  District courts in the Seventh Circuit generally require a showing of good cause by a party seeking to conduct discovery prior to the Rule 26(f) conference.  *Malibu Media, LLC v. Doe*, 2013 U.S. Dist. LEXIS 78090, at *1 (N.D. Ill. June 4, 2013) ("Rule 26 does not set forth a standard for granting such motions, but courts in this circuit generally require a showing of good cause."); *Dixon v. Ladish Co.*, 2011 U.S. Dist. LEXIS 23297, at *4 (E.D. Wis. Feb. 22, 2011) ("[P]arties may not conduct discovery prior to conferral under Rule 26(f) unless authorized by court order.  Such an order will ordinarily require some showing of good cause.").  Here, IMA offers three purported justifications for issuing a premature subpoena to Uber, but none of these justifications rises to the level of good cause.

First, IMA states that "it is concerned that Uber will not retain the relevant records . . . until IMA is able to serve a subpoena in the normal course of discovery."  ECF No. 11 at ¶ 8. But this completely ignores the fact that a subpoena requesting exactly the same information has already been issued to Uber in the Ohio Arbitration.  There is no reason to believe that Uber will retain the records in response to the Ohio Arbitration but will destroy them between now and the time the parties conduct a Rule 26(f) conference.  This is especially true since counsel for IMA *in this action* has already served a letter on Uber demanding that it retain and preserve all relevant records.  *See* attached Exhibit E  ("To the extent Uber has an auto-deletion policy for data described herein, IMA hereby places Uber on notice of the need to suspend any such policy and prevent the loss of any relevant data.").

Second, IMA states that it "seeks the records now because counsel for Defendants has raised question regarding the allegations" in the Complaint.  ECF No. 11 at ¶ 9.  But as stated above, there is no longer any dispute that IMA's allegation that Mr. Dawkins stole Mr. Payton's credit card to set up an Uber account is demonstrably false: Mr. Payton himself has affirmed that

he gave Mr. Dawkins his credit card to set up the account.  Documents received from Uber will not suddenly make this false allegation true, and the allegation should be corrected or amended immediately.

Third, and finally, IMA contends that Defendants will suffer no prejudice if a subpoena issues now, but nor will IMA suffer any prejudice by following the rules and waiting a short period of time until after the Rule 26(f) conference occurs to issue the subpoena.  There is simply no reason to exempt IMA from the applicable rules.  *See Seely*, 2009 U.S. Dist. LEXIS 81424 at *2.  ("[T]he parties have not yet conducted the required Rule 26(f) conference and the court sees no reason to relieve them of their requirement.").

## CONCLUSION

For these reasons, Defendants respectfully request that this Court deny IMA's motion.

Date July 1, 2016                                   Respectfully submitted,

*/s/ Tracy N. Betz*
Tracy N. Betz (24800-53)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Phone: (317) 713-3532
Fax: (317) 713-3699
Email: tbetz@taftlaw.com

*Attorney for ASM Sports Group, LLC and Andy Miller*

- 7 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

　　　　　　　　　　　/s/   *Tracy N. Betz*